**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **PEARL HENYARD,** | |
| Plaintiff, | No. 15-cv-10835 |
| v. | Judge Edmond E. Chang |
| **MV TRANSPORTATION AND PACE SUBURBAN BUS SERVICE,** | Magistrate Judge Susan E. Cox |
| Defendants. | |

**DEFENDANTS MV TRANSPORTATION'S AND
PACE SUBURBAN BUS SERVICE'S MEMORANDUM OF LAW IN SUPPORT OF
THEIR RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**INTRODUCTION**

Pearl Henyard ("Plaintiff") initiated this action on December 2, 2015, with a form "Complaint of Employment Discrimination" that alleged two claims: sex discrimination and sexual harassment. (*See* Dkt. No. 1, Complaint ["Compl."], ¶ 12). Now, over two years later[1], Plaintiff has filed an Amended Complaint that attempts to drastically enlarge the scope of this lawsuit by adding claims that are, quite simply, implausible and/or incomprehensible, including

---

[1] This case has a long procedural history which Defendants briefly summarize for the Court here. As indicated, the initial Complaint was filed on December 2, 2015. (*See* Dkt. No. 1). MV Transportation and Pace were not served until August 18, 2016 and September 12, 2016, respectively. (*See* Dkt. Nos. 12, 22). On September 30, 2016 MV Transportation filed a Rule 12(b)(6) Motion to Dismiss Henyard's Complaint for failure to state a claim upon which relief could be granted. (*See* Dkt. No. 29). The Court continued the briefing schedule on MV's motion because Plaintiff's court-appointed counsel, Joseph Selbka, could not reach Plaintiff. (*See* Dkt. No. 36). On November 15, 2016, the Court dismissed the case for lack of prosecution. (*See* Dkt. No. 40). On January 13, 2017, Plaintiff filed a motion to vacate the judgment. (*See* Dkt. No. 45). After briefing by the parties, the Court reinstated the case on September 29, 2017. (*See* Dkt. No. 60). Plaintiff's court-appointed attorney, Mr. Selbka, withdrew from representation. (*Id.*). The Court appointed Henyard new counsel, David Montgomery, on October 18, 2017. (*See* Dkt. No. 66). Plaintiff subsequently moved to dismiss Mr. Montgomery as her attorney, and the Court granted her request on December 5, 2017. (*See* Dkt. No. 75). Plaintiff requested, and received, two months to retain her own counsel but was unable to do so. (*See* Dkt. Nos. 75, 79). Plaintiff then filed the Amended Complaint at issue. (*See* Dkt. No. 76).

claims of "criminal torture", violation of the Fourteenth Amendment's Equal Protection Clause, "violation of the protection of human subject", and "violation of the informed consent provisions in 45 C.F.R. 46."

Plaintiff juxtaposes these claims with: (1) a sex discrimination claim that is entirely based on workplace slights, and <u>not</u> actionable adverse employment actions; (2) a sexual harassment claim that is not supported by <u>any</u> facts demonstrating that Plaintiff was forced to endure the objectively "hellish" work environment that is required to maintain a sexual harassment claim in the Seventh Circuit; and (3) an Illinois Eavesdropping Act claim that is not supported by sufficient facts to establish that Plaintiff has a plausible right to relief.

In sum, Plaintiff's Amended Complaint is legally deficient and must be dismissed by this Court.

## ARGUMENT

### A.      Plaintiff's Sex Discrimination Claim Fails Because She Has Not Alleged Facts Demonstrating She Suffered Any Adverse Employment Actions Based On Her Sex.

Plaintiff alleges that during her employment with MV Transportation, she was discriminated against based on her sex by: (1) being "denied holiday pay, 4 to 5 months later was compensated" [sic]; (2) "delays in giving Plaintiff medical leave"; and (3) being denied assignments, which resulted in "changes of route." (Amnd. Compl. ¶¶ 11-13, 15). None of these allegations describe an adverse employment action that can trigger liability under Title VII.

In regards to Plaintiff's allegations that she received holiday pay "4 to 5 months" late and was denied work assignments, the Seventh Circuit has ruled that these are <u>not</u> adverse employment actions. In *Matthews v. Donahoe*, the Seventh Circuit held that while a delay in continuation of pay is "an annoyance," it is not an adverse employment action, as the delay has no effect on the terms and conditions of employment. 493 Fed.Appx. 796, 800 (7th Cir. 2012).

In *Traylor v. Brown*, the Seventh Circuit ruled that a plaintiff who alleged that her employer denied her requested work assignments had not suffered an adverse employment action because the plaintiff suffered no material harm and her pay remained unaffected. 295 F.3d 783, 789 (7th Cir. 2002).

Plaintiff's allegation that she experienced "delays in [receiving] medical leave" also does not trigger liability under Title VII. In *Freelain v. Village of Oak Park*, the court ruled a mere delay in approving a plaintiff's request for medical leave was not an adverse employment where the plaintiff was eventually granted the leave sought. No. 13-CV-3682, 2016 WL 6524908, at *11 (N.D. Ill. Nov. 3, 2016). Like the plaintiff in *Freelain*, Plaintiff has not alleged any facts establishing that she did <u>not</u> receive medical leave that she requested during her employment. Plaintiff has therefore not put forth any facts that can support a claim of sex discrimination, and her claim must be dismissed.

### B.   Plaintiff's Sexual Harassment Claim Fails Because She Has Not Established That She Suffered Objectively Offensive Conduct Based On Her Sex.

The Seventh Circuit has made clear that in order for Plaintiff to maintain a sexual harassment claim, she must demonstrate that her working conditions were "**hellish**". *See Whittaker v. N. Illinois Univ.*, 424 F.3d 640, 645 (7th Cir. 2005) (emphasis added) ("[i]ndeed, the threshold for plaintiffs is high, as the workplace that is actionable is one that is 'hellish'"); *see also Baskerville v. Culligan Int'l. Co.*, 50 F.3d 428, 430 (7th Cir. 1995) (holding "[t]he concept of sexual harassment is designed to protect working women from the kind of male attentions that can make the workplace hellish for women"). The allegations in Plaintiff's Amended Complaint do not satisfy this high threshold.

Plaintiff offers the following, isolated, allegation in support of her sexual harassment claim: **"*sexually harassed by an employee who would say verbal things to try to entice***

***Plaintiff, and harassed by supervisor constantly by harming and insulting Plaintiff.***" (Amnd. Compl. ¶¶ 14, 22). This cursory allegation is not enough for Plaintiff's sexual harassment claim to withstand a motion to dismiss in the Seventh Circuit. *See, e.g., Jackson v. Village of University Park, Illinois*, No. 17-cv-2313, 2017 WL 3269388, at *4 (N.D. Ill. Aug. 1 2017) (granting motion to dismiss sexual harassment claim where co-worker allegedly stated in reference to plaintiff "f*ck that b*tch" and "find a reason to arrest her a**" because the comments were not so severe as to be actionable); *Adusumilli v. Swedish Covenant Hosp.*, No. 01-cv-5404, 2002 WL 171965, at *4 (N.D. Ill. Feb. 4, 2002) (granting motion to dismiss sexual harassment and holding that Plaintiff's allegations that co-workers allegedly inappropriately touched Plaintiff's hands, ogled her breasts and a co-worker brushed his penis against the plaintiff, "while offensive and inexcusable if intentional," were not sufficient to create a sexually hostile work environment); *Adusumilli v. Illinois Institute of Technology*, Case No. 97-c-8507, 1998 WL 601822,*4 (N.D. Ill. Sept. 9, 1998) (granting motion to dismiss Title IX claim of sexual harassment because the plaintiff's allegations that various professors and students ogled her and touched her hand, shoulder, back, leg, and breast did not rise to the level of severe or pervasive); *see also McKenzie v. Illinois Dept. of Trans.*, 92 F.3d 473 (7th Cir. 1996) (three sexually suggestive comments over a three month period did not constitute actionable sexual harassment).

Additionally, Plaintiff has failed to plead any facts that connect the alleged conduct to her *sex. See, e.g.*, *Moser v. Ind. Dep't of Corr.*, 406 F.3d 895, 902 (7th Cir. 2005) (plaintiff must establish that the harassment was based on her sex). Accordingly, Plaintiff's sexual harassment claim must also be dismissed.

### C. Plaintiff Has Not Alleged Sufficient Facts For This Court To Conclude That Any Of Her Title VII Claims Are Timely.

In order for a claim to be timely under Title VII, a plaintiff must file an administrative charge within 300 days "after the alleged unlawful employment practice occurred." *See* 42 U.S.C. 2000e-5(e)(1); *Speer v. Rand McNally & Co.*, 123 F.3d 658, 662 (7th Cir. 1997). A plaintiff's failure to file a charge concerning a discrete act of discriminatory conduct within 300 days of its occurrence results in an untimely claim for which the plaintiff cannot recover. *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). For claims of sexual harassment to be deemed timely, a charge of discrimination is required to be filed within 300 days of any act that the plaintiff alleges comprised the hostile work environment. *See Morgan*, 536 U.S. at 118. The allegations in Plaintiff's Amended Complaint do not permit this Court to make a determination as to whether Plaintiff's sex discrimination and sexual harassment claims are timely.

Plaintiff filed her Charge of Discrimination (the "Charge") before the U.S. Equal Employment Opportunity Commission ("EEOC") on September 3, 2015; therefore, any alleged unlawful employment practice that occurred more than 300 days prior to this date – before November 7, 2014 – is time-barred and must be dismissed. Plaintiff's Amended Complaint fails to supply a single date or time frame during which the alleged harassment and discrimination occurred. (*See* Amnd. Compl. ¶¶ 11-15). As a result, there is no reasonable basis to infer that any of the conduct she complains of has been timely pursued. *See Wilkins v. Metra Police Dep't*, No. 98 C 6288, 1999 U.S. Dist. LEXIS 12243, at *16 (N.D. Ill. Aug. 5, 1999) ("Because none of Plaintiff's allegations are based on discriminatory acts which occurred within the [300-day] limitations period, she has failed to state a claim upon which relief may be granted."). Plaintiff's Title VII claims should also be dismissed for this reason.

### D.    Plaintiff's Illinois Eavesdropping Act Claim Fails.

In support of her "Third Claim" for a violation of the Illinois Eavesdropping Act (720 ILCS 5/14-1 *et seq.*) ("IEA"), Plaintiff alleges that she "was recorded via audio/video on work vehicles without consent throughout duration of job … Recording was without consent." These allegations are insufficient to maintain an IEA claim.

First, Plaintiff has failed to establish that Defendants <u>secretly</u> recorded her voice[2] without her consent while she was driving one of Defendants' vehicles. The IEA only applies to voice recording performed in a "surreptitious manner" which is defined as a recording "obtained or made by stealth or deception, or executed through secrecy or concealment." *See also Thomas v. Pearl*, 998 F.2d 447, 453 (7th Cir. 1993) (affirming that the Illinois eavesdropping statute prohibits only surreptitious taping of a conversation and finding that plaintiff failed to state a claim where he failed to establish the conversation was in secret). In fact, <u>Plaintiff concedes that she did know she was being recorded and consented to being recorded under certain circumstances</u>. *See* Amnd. Compl. ¶¶ 16. This allegation, by itself, vitiates Plaintiff's IEA claim. *See Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 650 (7th Cir. 2006) (a party may plead itself out of court by including factual allegations that establish an impenetrable defense to its claims).

Second, even if Plaintiff was somehow secretly recorded without consent, she has failed to establish that she had a reasonable expectation of privacy while driving Defendants' vehicles that would prohibit Defendants from recording her voice. The IEA provides that in order for a conversation to be a "private conversation" that cannot be secretly recorded, there must be a "reasonable expectation" of privacy. *See* 720 ILCS 5/14-1(d). The Amended Complaint fails to explain why Plaintiff had a *reasonable* expectation of privacy when she was inside one of

---

[2] The IEA <u>only</u> applies to oral communications. *See* 720 ILCS 5/14-1(d).

Defendants' vehicles.  *Cf. Hurst v. Bd. of the Fire & Police Comm'n*, 952 N.E.2d 1246, 1251 (Ill. App. Ct. 2011) (dismissing with prejudice eavesdropping claim where plaintiff had no reasonable expectation of privacy in his workplace communications using employer-owned mobile data terminal).  For these reasons, Plaintiff's IEA claim must be dismissed.

**E.    Plaintiff's Remaining Claims Are Frivolous And Fail To Enter The Realm Of The Plausible.**

Plaintiff's remaining claims fail to set forth any cognizable claim or theory of liability against Defendants.  As demonstrated below, Plaintiff has not – and cannot – articulate facts that allow this Court to "draw the reasonable inference that the [D]efendant[s] [are] liable for the misconduct alleged"[3] because the claims are simply not applicable:

- Plaintiff's Fourteenth Amended Equal Protection Clause claim fails because Defendants are not state actors;[4]

- Plaintiff does not have a private right of action to assert a criminal claim for overseas torture pursuant to 18 U.S.C. Chapter 113C;[5]

- Plaintiff's "protection of human subject" and "informed consent" claims are brought against her "family" for actions that occurred "within the household" and not against Defendants (*see* Amnd. Compl. ¶¶ 26-27)[6]; and

- Plaintiff's retaliation claims fails because she has not alleged sufficient facts for this

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

[4] *See Sherman v. Cmty. Consol. Sch. Dist. 21*, 8 F.3d 1160, 1167 (7th Cir. 1993) ("The Equal Protection Clause of the Fourteenth Amendment is violated only if there is 'state action.'"); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) ("if the actions of the defendants [] were not state action, our inquiry ends.").

[5] *See* 18 U.S.C. § 2340B ("Nothing in this chapter shall be construed . . . as creating any substantive or procedural right enforceable by law by any party in any civil proceeding."); *see, e.g., Fischer v. Clark*, No. 08-CV-3807(JS)(ARL), 2009 WL 3063313, at *4 (E.D.N.Y. Sep. 24, 2009) (dismissing torture claim with prejudice because "Congress has clearly stated that a party may not commence a civil action based upon this statute.").

[6] Even were this not the case, the federal regulations upon which Plaintiff purports to rely only apply to "research involving human subjects conducted, supported or otherwise subject to regulation by any federal department or agency which takes appropriate administrative action to make the policy applicable to such research."  45 C.F.R. § 46.101(a).  Plaintiff fails to plead any factual basis to support such a claim against Defendants.

Court to draw any kind of nexus between "30 to 40 pieces of a substance [flying] out of [a] vehicle's vent" and Defendants actions. To the extent Plaintiff may be trying to contend that she was retaliated against after she was injured, she has not alleged sufficient facts for this Court to determine: (1) the protected activity that preceded the alleged retaliatory conduct; (2) the nature of the retaliation; (3) the length of time between the alleged protected activity and retaliatory conduct; (4) the individuals responsible for the retaliation; (5) the injury she suffered as a result of the alleged retaliatory conduct.

For these reasons, each of the above-listed claims must also be dismissed.

## CONCLUSION

WHEREFORE, Defendants MV Transportation and Pace, the Suburban Bus Division of the Regional Transportation Authority, respectfully request that this Court grant their Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint and dismiss Plaintiff's Amended Complaint with prejudice, and grant Defendants such other relief as the Court deems proper and just.

Dated: April 4, 2018                           Respectfully submitted,

                                               **MV TRANSPORTATION, AND PACE, THE**
                                               **SUBURBAN BUS DIVISION OF THE**
                                               **REGIONAL TRANSPORTATION**
                                               **AUTHORITY**


                                               /s/ *Kwabena A. Appenteng*
                                               *One of Their Attorneys*

David L. Christlieb
Kwabena A. Appenteng
Stephanie L. Mills-Gallan
**LITTLER MENDELSON, P.C.**
321 North Clark Street, Suite 1000
Chicago, IL 60654
Tel. 312.372.552

## <u>CERTIFICATE OF SERVICE</u>

Kwabena A. Appenteng, an attorney, hereby certifies that on April 4, 2018, he caused a copy of ***Defendants MV Transportation's and Pace Suburban Bus Service's Memorandum of Law in Support of Their Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint*** to be filed electronically with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF (*electronic case filing*) system, and sent a copy of same via electronic mail and by Federal Express of such filing to the following Pro Se, non-ECF participant:

> Pearl Henyard
> 1340 S. Troy
> Chicago, Illinois 60623
> *phenyard@yahoo.com*

*/s/ Kwabena A. Appenteng*

*One of the Attorneys for MV Transportation,*
*and Pace, The Suburban Bus Division of the*
*Regional Transportation Authority*

Firmwide:153132640.2 072247.1051